## Commonwealth v. Moore

*Joseph W. Givens*, for Commonwealth.

*I. Elmer Ecker* and *E. P. Curran*, for defendant.

ALPERN, J., July 2, 1954.—This case involves an appeal from the suspension of the driver's license of the two appellants. The Secretary of Revenue of the Commonwealth of Pennsylvania suspended the driver's licenses of John W. Moore and his son, Wesley Richard Moore, because of their failure to satisfy a judgment arising from an automobile accident. The accident which formed the basis of the judgment occurred on July 10, 1948, when Wesley Richard Moore, a minor

son of defendant, was in control of an automobile in the driveway of their home and struck a minor child. The injuries resulted in death. On August 12, 1952, a judgment was entered against Wesley Richard Moore and John W. Moore in the Court of Common Pleas of Allegheny County in the sum of $3,500. On March 5, 1953, the licenses of both defendants were suspended because of failure to pay the judgment.

An appeal from the suspension of the licenses was taken by both drivers to the Allegheny County court. The Commonwealth filed a petition denying that the county court had jurisdiction, whereupon the case was discontinued, and an appeal taken by the drivers to the common pleas court. The appeal was presented to Alpern, J., on February 17, 1954. The Commonwealth of Pennsylvania asserted that the common pleas court did not have jurisdiction. It was urged that under the applicable statutes no appeal lies from the decision of the Secretary of Revenue in revoking an operator's license. The Commonwealth maintained, moreover, that if an action can be maintained, it must be filed in Dauphin County.

The Motor Vehicle Liability Security Act, which was in effect at the time of the accident, July 10, 1948, was the Act of May 15, 1933, P. L. 553, 75 PS §1263. This act provides for the revocation of the driver's license where a judgment was procured on the basis of negligent driving of a motor vehicle and the judgment was not paid. The act provided for an appeal from the revocation of the license to the court of common pleas where the operator resided: 75 PS §1273a. Section 22 of the Act of 1933 contains the following provisions:

"Any person whose motor vehicle registration, operator's license, or learner's permit has been suspended or revoked by the secretary under the provisions of this act, or any person who has been required to establish proof of financial responsibility in lieu of a suspension

or revocation, shall have the right to file a petition, within thirty (30) days thereafter, for a hearing de novo in the matter in the court of common pleas of the county in which the operator or permittee resides, or of the county of Dauphin in appeals filed by persons who are non-residents of this Commonwealth, and such court is hereby vested with jurisdiction, and it shall be its duty to set the matter down for a hearing upon thirty (30) days' written notice to the secretary, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension or revocation, or either of them, of motor vehicle registration, operator's license, or learner's permit under the provisions of this act."

The judgment entered against John W. Moore and Wesley Richard Moore was entered on August 12, 1952. By the time the judgment was entered in this case, The Motor Vehicle Liability Security Act of 1933 had been replaced by the Motor Vehicle Safety Responsibility Act of June 1, 1945, P. L. 1340, 75 PS §1277, as amended by the Act of May 12, 1949, P. L. 1279, 75 PS §1277.2, and the Act of January 14, 1952, P. L. 2042, sec. 3, 75 PS §1277.35.

While the Act of 1933 provided for appeals from the action of the Secretary of Revenue in revoking an operator's license to the court of common pleas in the county where the operator resided, the Act of 1945, known as the Motor Vehicle Safety Responsibility Act, which superseded the Act of 1933, does not provide for any appeal from the action of the Secretary of Revenue in revoking an operator's license. Section 13 (a) reads as follows:

"The secretary, upon receipt of a certified copy of a judgment, shall forthwith suspend the license and registration of any resident operator or owner and any nonresident's operating privilege of any person against

whom such judgment was rendered, except as hereinafter otherwise provided in this section and in section sixteen."

No specific provision for appeal from the order of suspension is contained in this section.

Section 35 of the Act of 1945 provides the act shall not apply as to accidents or judgments occurring prior to the effective date of the Act of 1945. The effective date was originally July 1, 1947. Thereafter, the effective date was extended to July 1, 1949: Act of July 3, 1947, P. L. 1247. The effective date was later postponed to February 1, 1950: Act of May 12, 1949, P. L. 1279. Section 35 provides as follows:

"This act shall not apply with respect to any accident or judgment arising therefrom or violation of the motor vehicle laws of this State occurring prior to the effective date of this act."

The Act of 1945 was amended by the Act of January 14, 1952, P. L. 2042. Section 3 of the Act of 1952, specifically repealed section 35 of the Act of 1945. Section 3 provides as follows:

"Section 35 of said act is hereby repealed."

The Act of 1952 became effective January 14, 1952. The judgment in the case at bar was entered on August 12, 1952. Section 35 was repealed nine months before the judgment was entered in the case at bar against Wesley Richard Moore and John W. Moore. The Motor Vehicle Safety Responsibility Act of 1945, as amended, did not provide for appeals from the revocation of a license unless the appeals fell within the purview of sections 4 to 11 of the Act of 1945, as amended. As to those sections, the appeal was to the Dauphin County Common Pleas Court. The revocation of license in the case at bar comes under section 13 of the Act of 1945, as amended by the Act of 1952. There is no provision for appeal. The only appeals permitted under that statute are in connection with sections 4 to 11. We quote from section 2(b) of the Act of 1945:

"Any person aggrieved by an order or act of the secretary under the provisions of sections four to eleven of this act may, within ten days after notice thereof, file a petition in the court of common pleas of Dauphin County for a trial de novo to determine whether such order or act is lawful and reasonable. The filing of such a petition shall not suspend the order or act of the secretary, unless a stay thereof shall be allowed by a judge of said court pending final determination of the matter. The court shall summarily hear the petition and may make any appropriate order or decree."

It is within the province of the legislature to deny an appeal in certain instances or to require that appeals in connection with certain violations be taken to the Dauphin County Common Pleas Court.

This case is clearly distinguishable from the authorities relied upon by counsel for the appellants. The California case of Watson v. The State Division of Motor Vehicles of California, 212 Cal. 279, 298 Pac. 481 (1931), involved an instance where a severe penalty was imposed subsequent to the time of the accident, which was not in force when the accident happened. In that case, the California Vehicle Liability Act was enacted subsequent to the accident. Up until the time, there had been no provision for revocation of a license for failure to pay a judgment as a result of negligent driving. The California court held that the imposition of such a drastic penalty could not operate retroactively. At the time of the accident there was no statute authorizing the revocation of a license for nonpayment of a judgment based on negligent operation of a motor vehicle.

In the instant case the revocation of license was provided for both in the Motor Vehicle Liability Security Act of 1933 and in the Motor Vehicle Safety Responsibility Act of 1945. The fundamental difference between the two acts is: (1) Under the Act of 1933, an

appeal is given to the common pleas court where the driver resides; (2) under the Act of 1945, as amended, no specific appeal lies for the revocation of a license; (3) any appeal taken under the Act of 1945, as amended, must be taken to the Dauphin County Common Pleas Court and not the the common pleas court where the driver resides.

The court is of the opinion that a change in the forum for review and redress made by the legislature subsequent to the happening of an accident does not deprive the driver of any vested substantive rights. The basic penalty, revocation of license for failure to pay a judgment based on negligent driving, was the same on July 10, 1948, when the accident happened and on August 12, 1952, when the judgment was entered. Appeals where allowed must now be heard in Dauphin County. The legislature had the right to deny an appeal or to require the appeal to be heard in Dauphin County. Procedural changes made prior to the entry of judgment are valid and controlling. The appellants have not been deprived of any basic right.

The appellants can pursue whatever remedies they have in the Dauphin County Common Pleas Court. The Common Pleas Court of Allegheny County does not have jurisdiction. In view of our decision on the jurisdictional question, it is not necessary to discuss the other questions raised in this appeal. They can be considered by the Dauphin County Common Pleas Court if an appeal lies to that court under the circumstance of this case.

## Order

And now, July 2, 1954, the court having concluded that it has no jurisdiction in the matter, the appeal of petitioners from the action of the Secretary of Revenue of the Commonwealth of Pennsylvania in suspending their license is hereby denied.